UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| **NAZAR ABDULMAJEED ALI,** | § § § | CASE NO: |
| Plaintiff, | § § | |
| vs. | § § § | |
| **WORLDWIDE LANGUAGE RESOURCES, LLC,** | § § § § | **TRIAL BY JURY DEMANDED** |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff NAZAR ABDULMAJEED ALI, through his undersigned counsel, and files this Complaint under 42 U.S.C. § 2000e and 42 U.S.C. §1981 and states:

### INTRODUCTION

1. Plaintiff files this Complaint and complains of discrimination on the basis of race and national origin under 42 U.S.C. § 2000e and 42 U.S.C. §1981 and in retaliation for his complaints of discrimination on the basis of race and national origin under 42 U.S.C. § 2000e and 42 U.S.C. §1981.

2. This action seeks compensatory and punitive damages, emotional distress and mental anguish damages, and attorneys' fees.

### PARTIES

3. Plaintiff, Nazar Abdulmajeed Ali, is a resident of Humble, Texas.

4. Defendant, Worldwide Language Resources, LLC is a for-profit corporation incorporated in New Hampshire, which has its headquarters in Fayetteville, North Carolina.

1

Defendant is registered to do business in and be sued in North Carolina by serving Defendant's registered agent, David A. Vicinanzo, Attorney, 305 Church at North Hills Street, Suite 1230, c/o Nixon Peabody, LLP, Raleigh, North Carolina, 27609-2669.

## VENUE

5. Venue is appropriate in the United States District Court for the Eastern District of North Carolina in that the Defendant is headquartered in this District, as required under 28 U.S.C. §1391.

## JURISDICTION

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction.

7. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

8. Plaintiff has met all conditions precedent to the filing of this action. Plaintiff filed his Charge of Discrimination with the EEOC on January 20, 2020. The EEOC issued a Notice of Right to Sue letter on September 8, 2020, and Plaintiff has filed this lawsuit no more than 90 days after receiving the Notice of Right to Sue letter. Additionally, this lawsuit has been filed within the statute of limitations as required under 42 U.S.C. §1981.

## FACTS

9. Plaintiff, who is of Iraqi Kurdish heritage, worked as an Arabic and Kurdish linguist for Defendant in Iraq translating between English and Arabic and Kurdish.

10. During Plaintiff's time working for Defendant, Plaintiff was constantly bullied and harassed by co-workers who were Arabic linguists.

11. The Arabic linguists refused to train the Plaintiff regarding the local procedures.

12. In one incident of harassment, Plaintiff was in the linguists' office, and an Arabic linguist named Behary was ranting about how horrible the Kurds are and stated that Kurds are murderers. This was in the presence of then team leader Robert Holmes. This type of hostile environment occurred throughout Plaintiff's employment in Plaintiff's workplace many times and was committed by many different Arabic linguists bullying Plaintiff because of his Kurdish national origin and race.

13. Additionally, Plaintiff's last supervisor, Team Leader Christopher Ledbetter, treated Arabic linguists preferentially when compared with the Kurdish linguists.

14. For example, Ledbetter assigned Arabic linguists to work all of the preferred daytime work assignments, while he assigned the Kurdish linguists to work the midnight shifts.

15. Ledbetter permitted Arabic linguists to go off the premises of their work assignment to visit family members or friends in the nearby town without an escort, which was a violation of security protocol. Ledbetter required that Kurdish linguists be escorted any time they left the work premises.

16. Ledbetter also required Kurdish linguists to give 48 hours' notice of medical appointments off campus, while Arabic linguists were permitted to go to medical appointments without notice. Merry Thompson, an Arabic linguist who was later arrested for espionage while she was working for Defendant, was permitted to go to have plastic surgery on her face without any prior notification. Similarly, Ahmad Ajeel, another Arabic linguist, was permitted to go for medical hair implantation without prior notification.

17. Additionally, Ledbetter allowed the Arabic linguists to go off campus to purchase alcohol and bring it back for others to consume, even though alcohol was expressly prohibited on the work site.

18. Plaintiff complained about the discrimination to supervisors on several occasions.

19. After Plaintiff complained about the discrimination, he was terminated and Defendant entered a false incident report in Plaintiff's government security records so that Plaintiff cannot be hired by any company in the future to perform classified work.

20. During his employment, Plaintiff was subjected to discrimination based on his race and national origin, and his employment was terminated because of his race and national origin and in retaliation for his complaints of discrimination.

21. Defendant also placed a false incident report in Plaintiff's government security file, which prevents Plaintiff from obtaining classified work in the future because of his race and national origin and in retaliation for his complaints of discrimination.

## COUNT I: RACE DISCRIMINATION UNDER 42 U.S.C. §1981

22. Plaintiff incorporates the allegations made in Paragraphs 1 through 21 herein.

23. Title 42 U.S.C. §1981, *inter alia*, protects at-will employees from employment discrimination on the basis of race because at-will employment is a form of contract. *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015 (4th Cir. 1999). Defendant offered to pay Plaintiff for his work, and Plaintiff accepted that offer and began performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

24. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

4

Case 5:20-cv-00638-D   Document 1   Filed 11/30/20   Page 4 of 15

25. Plaintiff was subjected to a hostile work environment by his co-workers and Mr. Ledbetter because of his race and national origin, Iraqi Kurdish.

26. If Plaintiff had not been an Iraqi Kurdish person, he would not have been subjected to a hostile work environment.

27. Plaintiff's employment was terminated because of his race and national origin.

28. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have terminated Plaintiff's employment, nor would Plaintiff have suffered a hostile working environment.

29. Defendant placed a false incident report in Plaintiff's government security file because of Plaintiff's race and national origin.

30. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have placed a false incident report in Plaintiff's government security files so that Plaintiff could not obtain future classified work.

31. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered and continues to suffer damages, including lost wages, emotional distress, and attorneys' fees and costs.

32. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

33. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Attorney Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT II: RETALIATION FOR COMPLAINTS OF RACE DISCRIMINATION UNDER 42 U.S.C. §1981

34. Plaintiff incorporates the allegations made in Paragraphs 1 through 33 herein.

35. Title 42 U.S.C. §1981, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about race discrimination.

36. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

37. Plaintiff's employment was terminated in retaliation for his complaints of race and national origin discrimination.

38. Had Plaintiff not complained of race and national origin discrimination, Defendant would not have terminated Plaintiff's employment.

39. Defendant placed a false incident report in Plaintiff's government security file, which prevents Plaintiff from obtaining classified work in the future because Plaintiff complained of race and national origin discrimination.

40. Had Plaintiff not complained of race and national origin discrimination, Defendant would not have placed the false incident report in Plaintiff's government security file.

41. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

42. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

43. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Attorney Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT III: DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER 42 U.S.C. §1981

44. Plaintiff incorporates the allegations made in Paragraphs 1 through 43 herein.

45. Title 42 U.S.C. §1981, *inter alia*, protects employees from employment discrimination on the basis of national origin.

46. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

47. Plaintiff was subjected to a hostile work environment because of his national origin of Iraqi Kurdish.

48. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have subjected him to a hostile work environment.

49. Plaintiff's employment was terminated because of his national origin.

7

50. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have terminated Plaintiff's employment, and he would not have been subjected to a hostile working environment.

51. Defendant placed a false incident report in Plaintiff's government security files because Plaintiff was an Iraqi Kurdish person.

52. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have placed a false incident report in Plaintiff's government security files.

53. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

54. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

55. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Attorney Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

### COUNT IV:  RETALIATION FOR COMPLAINTS OF NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §1981

56. Plaintiff incorporates the allegations made in Paragraphs 1 through 55 herein.

8

Case 5:20-cv-00638-D   Document 1   Filed 11/30/20   Page 8 of 15

57. Title 42 U.S.C. §1981, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about national origin discrimination.

58. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §1981.

59. Plaintiff's employment was terminated in retaliation for his complaints of national origin discrimination.

60. Had Plaintiff not complained of national origin discrimination, Defendant would not have terminated Plaintiff's employment, and Plaintiff would not have suffered a hostile working environment.

61. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §1981, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

62. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

63. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Attorney Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT V: DISCRIMINATION BASED ON RACE UNDER 42 U.S.C. §2000e

64. Plaintiff incorporates the allegations made in Paragraphs 1 through 63 herein.

65. Title 42 U.S.C. §2000e, *inter alia*, protects employees from employment discrimination on the basis of race.

66. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

67. Plaintiff was subjected to a hostile work environment because of his race.

68. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have subjected him to a hostile work environment.

69. Plaintiff's employment was terminated because of his race.

70. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have terminated Plaintiff's employment.

71. Defendant placed a false incident report in Plaintiff's government security files because Plaintiff was an Iraqi Kurdish person.

72. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have placed a false incident report in Plaintiff's government security files.

73. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

74. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.

Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

75. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Attorney Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT VI: RETALIATION FOR COMPLAINTS OF RACE DISCRIMINATION UNDER 42 U.S.C. §2000e

76. Plaintiff incorporates the allegations made in Paragraphs 1 through 75 herein.

77. Title 42 U.S.C. §2000e, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about race discrimination.

78. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

79. Plaintiff's employment was terminated in retaliation for his complaints of race discrimination.

80. Had Plaintiff not complained of race discrimination, Defendant would not have terminated Plaintiff's employment.

81. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

82. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.

Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

83. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Attorney Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT VII: DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER 42 U.S.C. § 2000e, *et seq.*

84. Plaintiff incorporates the allegations made in Paragraphs 1 through 83 herein.

85. Title 42 U.S.C. §2000e, *inter alia*, protects employees from employment discrimination on the basis of national origin.

86. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

87. Plaintiff was subjected to a hostile work environment because of his national origin of Iraqi Kurdish.

88. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have subjected him to a hostile work environment.

89. Plaintiff's employment was terminated because of his national origin.

90. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have terminated Plaintiff's employment.

91. Defendant placed a false incident report in Plaintiff's government security files because Plaintiff was an Iraqi Kurdish person.

92. Had Plaintiff not been an Iraqi Kurdish person, Defendant would not have placed a false incident report in Plaintiff's government security files.

12

93. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

94. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

95. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Attorney Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT VIII: RETALIATION FOR COMPLAINTS OF NATIONAL ORIGIN DISCRIMINATION UNDER 42 U.S.C. §2000e

96. Plaintiff incorporates the allegations made in Paragraphs 1 through 95 herein.

97. Title 42 U.S.C. §2000e, *inter alia*, protects employees from adverse employment actions in retaliation for complaining about national origin discrimination.

98. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. §2000e.

99. Plaintiff's employment was terminated in retaliation for his complaints of national origin discrimination.

100. Had Plaintiff not complained of national origin discrimination, Defendant would not have terminated Plaintiff's employment.

101. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, Plaintiff suffered damages, including lost wages, emotional distress, and attorneys' fees and costs.

102. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

103. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, and Attorney Dana LeJune to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## **JURY TRIAL DEMANDED**

104. Plaintiff demands a trial by jury for all issues so triable.

WHEREFORE, Plaintiff requests compensatory damages, punitive damages, and reasonable attorney fees from Defendant pursuant to 42 U.S.C. §1981, 42 U.S.C. §2000e, and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, exemplary damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**Dated: November 30, 2020**     By:  */s/ Dana LeJune*
**Dana LeJune**, Local Counsel
NC Bar # 49025
The LeJune Law Firm
7 Orchard Street, Suite 200
Asheville, NC 28801
(828) 774-5800
dlejune@triallawyers.net
**Bruce Coane**
S.D. Tex. #7205
TX Bar #04423600
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
(305) 538-6800
Email: bruce.coane@coane.com
Notice of Special Appearance forthcoming
**Lisa Kuhlman**
Fla. Bar #0978027
Coane and Associates, PLLC
1250 E. Hallandale Beach Blvd., Ste 303
Hallandale Beach, FL 33009
(305) 538-6800
Email: lisa.kuhlman@coane.com
Notice of Special Appearance forthcoming

***ATTORNEYS FOR PLAINTIFF***

15

Case 5:20-cv-00638-D   Document 1   Filed 11/30/20   Page 15 of 15