| | |
|---|---|
| NAZAR ABDULMAJEED ALI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WORLDWIDE LANGUAGE ) <br> RESOURCES, LLC, ) <br> ) <br> Defendant. ) <br> ) | No. 5:20-cv-00638-D |
| ABDULAMEER KAREEM WALY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WORLDWIDE LANGUAGE ) <br> RESOURCES, LLC, ) <br> ) <br> Defendant. ) <br> ) | No. 5:20-cv-00644-D |

**CONSENT PROTECTIVE ORDER**

Plaintiff Nazar Abdulmajeed Ali and Plaintiff Abdulameer Kareem Waly ("Plaintiffs") and Defendant WorldWide Language Resources, LLC ("Defendant," and collectively with Plaintiffs, "the Parties") jointly moved for entry of a protective order under Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 79.2. These cases arise out of the former employment of Plaintiffs by Defendant.[1] Plaintiffs assert claims of discrimination on the basis of race and national origin and of retaliation under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42

---

[1] On May 24, 2021, the Court consolidated these cases for all purposes under Rule 42(a)(2) and designated this case as the lead case for all future filings [D.E. 25].

U.S.C. § 2000e *et seq.* Defendant denies all liability and denies that Plaintiffs are entitled to any relief on their claims. Because of the nature of the factual issues involved in these cases, the Parties anticipate that discovery may include production and disclosures by the Parties or by third parties of information that may be confidential or proprietary, such as medical records, employment records, and financial records.

Accordingly, this Court believes that entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of justice. Therefore, until further order of this Court, it hereby is ordered that the Parties shall follow the procedures set forth below with respect to information, documents, testimony, or tangible things produced or otherwise disclosed in the above-captioned cases:

1. In this Consent Protective Order, "CONFIDENTIAL Information" shall mean any information, documents, testimony, or tangible things ("Information") furnished in the course of the above-captioned cases regarded by a party as confidential or private information, including proprietary data, trade secrets, other valuable or commercially sensitive information, medical records, confidential and private information concerning parties, witnesses, and persons not party to this action, or commercially sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term may include Information obtained by any party from a third party via subpoena, deposition, or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copies, electronically stored information, and audio and video recordings.

2. "CONFIDENTIAL" designations shall be made as follows:

a. Information shall be designated CONFIDENTIAL within the meaning of this Protective Order in the following ways:

i. In the case of documents or tangible things, including the information contained therein, that are produced by any party, designation shall be made by placing on each page of the document or each tangible thing the legend or stamp CONFIDENTIAL.

ii. In the case of documents or tangible things, including the information contained therein, that are obtained by subpoena or other discovery from third parties, the documents or tangible things automatically shall be deemed CONFIDENTIAL Information upon receipt, and the receiving party shall furnish copies thereof to all parties within fifteen (15) business days. All parties then shall have ten (10) calendar days after receipt within which to formally designate any documents or tangible things as CONFIDENTIAL Information. If no party designates any such document or tangible thing as CONFIDENTIAL within the ten-day period, then the CONFIDENTIAL designation will terminate.

iii. In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the CONFIDENTIAL Information the legend CONFIDENTIAL.

iv. In the case of deposition testimony, counsel may designate, on the record, those portions of a deposition that counsel believes contain CONFIDENTIAL Information. If designation of CONFIDENTIAL Information is made, those portions of said depositions involving such CONFIDENTIAL Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information in accordance with this Protective Order. A witness whose deposition is being taken may see any document

identified as CONFIDENTIAL if the witness is within the category of persons entitled to see this type of information under subsection 3(a) of this Protective Order. Any party shall have thirty (30) days after the receipt of the deposition transcript to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty-day period. Before such designation or the expiration of the thirty-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

v. In the case of electronically stored information that is produced as a computer file or otherwise in a native format, designation shall be made by including the word "CONFIDENTIAL" in the filename of each file so designated, by segregating the information so designated into folders or other distinct storage containers that are clearly named or labelled "CONFIDENTIAL," or by any other method the Parties agree to in writing for designating such Information as CONFIDENTIAL.

vi. In the event that the above methods of designating Information as CONFIDENTIAL prove infeasible with respect to a specific category or type of Information, the Parties may agree in writing to an alternate method for designating such Information as CONFIDENTIAL.

b. The Parties agree to designate Information as CONFIDENTIAL on a good faith basis and not for purposes of harassing the other parties or for purposes of unnecessarily restricting the other parties' access to information concerning the lawsuit.

c.  Except as permitted by further order of the Court, or by subsequent written agreement of the Parties, such designated Information shall be received by counsel of record upon the terms and conditions of this Protective Order.

3.  The following restrictions apply to Information designated as CONFIDENTIAL:

a.  <u>CONFIDENTIAL Information</u>:  Disclosure of Information designated CONFIDENTIAL, including summaries thereof, shall be limited to the Court; court reporters and videographers of sworn proceedings; the Parties' counsel of record and the employees of such counsel who are assisting with this matter; Defendant and its officers, directors, managers, and employees involved in the defense of these cases; Plaintiffs (except as specified below in subsection 3(c)); and to the following persons, who shall be required first to execute a written declaration, in the form attached hereto as Exhibit A: (i) consultants or experts retained by the Parties to consult or testify in the case, but only to the extent the information is necessary for the consultation work or to prepare to testify; (ii) services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustrations, or other demonstrative materials to be used in the above-captioned cases; and (iii) other witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in the above-captioned cases, or to assist counsel in performing work in the above-captioned cases, but as to this category (iii), counsel must retain physical custody of the CONFIDENTIAL Information unless consent to release it is given by the party that designated it CONFIDENTIAL.  Copies of the signed declarations shall be maintained by the party who procures the signature throughout the duration of the above-captioned cases, including all appeals.

b.  All Information that is designated CONFIDENTIAL under this Protective Order shall be kept confidential and shall not be given, shown, made available, discussed or

otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Information under the terms of this Protective Order. CONFIDENTIAL Information received by any authorized person shall be used only for purposes of the above-captioned cases and for no other purpose.

4. If, through inadvertence, a party produces any Confidential Information without designating it as CONFIDENTIAL, the party may, as soon as reasonably practical, inform the other parties of the intended CONFIDENTIAL designation, and all parties shall treat such Information as CONFIDENTIAL Information under this Protective Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the designating party as to the specific recipients of such Information and shall take all reasonable steps to remove such Information from said recipients unless they otherwise are entitled to disclosure under this Order.

5. Inadvertent disclosure of Information protected by the attorney-client privilege or the work-product protection (whether designated CONFIDENTIAL or not so designated) in connection with the above-captioned cases shall not waive the privilege or protection.

6. If any Information designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately, upon discovering same, bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the Parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

7. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL Information for any purpose other than the prosecution or defense of this action,

including any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Order.

8. Before filing any information that has been designated CONFIDENTIAL with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the Information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the Information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

9. The Parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, and anyone else who has or had access to any material designated CONFIDENTIAL Information of the substance of this Order.

10. Acceptance or receipt by any party of any Information designated as CONFIDENTIAL, or with no designation, shall not constitute a concession that the Information is properly so designated or not designated. If any party disagrees with the designation of any such Information as CONFIDENTIAL, then the party first shall try to resolve such dispute on an informal basis through consultation with counsel. If agreement cannot be reached by counsel, then the party opposing the designation may present such dispute to the Court by motion, but all such designations shall be respected pursuant to the terms of this Order until the Court rules on the motion. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality.

11. This Order shall be without prejudice to the right of any party to oppose production of any Information on grounds other than confidentiality.

12. This Order shall not prevent any party from applying to the Court for relief herefrom, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Order, subject to the approval of the Court.

13. Within thirty (30) days of the conclusion of this action, including any appeals, all Information designated as CONFIDENTIAL by a party pursuant to this Order, and all copies thereof, shall be destroyed by all other parties, except that counsel for each party is entitled to keep copies of pleadings, discovery, and correspondence, and any attachments or exhibits thereto, including CONFIDENTIAL Information, used in the above-captioned cases in a secure storage area subject to the terms of this Consent Order. Upon request from the designating party, any other

party shall confirm such destruction in writing to the designating party within ten (10) business days. The provisions of this Order insofar as they restrict the disclosure, communication of, and use of CONFIDENTIAL Information produced hereunder shall continue to be binding after the conclusion of this action.

14. Nothing in this Order shall prevent or limit a party who has designated any Information as CONFIDENTIAL from, in writing and without Court Order, releasing such Information.

15. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

Dated: January 21, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge

WE CONSENT:

        SMITH, ANDERSON, BLOUNT, DORSETT,
        MITCHELL & JERNIGAN, LLP

By:   /s/ Isaac A. Linnartz
      Isaac A. Linnartz
      Email: ilinnartz@smithlaw.com
      North Carolina State Bar No. 39858
      David R. Ortiz
      Email: dortiz@smithlaw.com
      North Carolina State Bar No. 55891
      Post Office Box 2611
      Raleigh, North Carolina 27602-2611
      Telephone: (919) 821-1220
      Facsimile: (919) 821-6800

*Attorneys for Defendant*

COANE & ASSOCIATES, PLLC

By:   /s/ Bruce A. Coane
      Bruce A. Coane
      TX Bar #04423600
      Email: bruce.coane@gmail.com
      Jeffrey W. Fedna
      FL Bar #1024070
      Email: Jeffrey.Fedna@coane.com
      1250 E. Hallandale Beach Blvd., Suite 303
      Hallandale Beach, FL 33009
      Telephone: 305-538-6800
      Facsimile: 866-647-8296

*Attorneys for Plaintiffs*

LEJUNE LAW FIRM

By:   /s/ Dana A. LeJune
      Dana A. LeJune
      North Carolina State Bar No. 49025
      Email: dlejune@triallawyers.net
      7 Orchard Street, Suite 200
      Asheville, North Carolina 28801
      Telephone: 828-774-5800
      Facsimile: 713-942-9899

      *Local Civil Rule 83.1(d) Counsel for Plaintiffs*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

| | | |
|---|---|---|
| NAZAR ABDULMAJEED ALI, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | **No. 5:20-cv-00638-D** |
| WORLDWIDE LANGUAGE RESOURCES, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |
| ABDULAMEER KAREEM WALY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | **No. 5:20-cv-00644-D** |
| WORLDWIDE LANGUAGE RESOURCES, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF** _____

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. I live at: _____.

3. I am employed as (state position): _____.

4. The full name and address of my employer is: _____ _____

5. I am aware that a Consent Protective Order ("Protective Order") has been entered in the above-captioned cases in the United States District Court, Eastern District of North Carolina,

Western Division (the "Court"). A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

6. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

7. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by the Protective Order.

8. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

9. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing declaration is true and correct.

Executed this \_\_\_\_ day of _____, _____.

_____