IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **Nazar Abdulmajeed Ali**, <br><br>　　　　　Plaintiff, <br><br> v. <br><br> **WorldWide Language Resources, LLC**, <br><br>　　　　　Defendant. | No. 5:20-CV-00638-D |
| **Abdulameer Kareem Waly**, <br><br>　　　　　Plaintiff, <br><br> v. <br><br> **WorldWide Language Resources, LLC**, <br><br>　　　　　Defendant. | No. 5:20-CV-00644-D |

**Order**

Defendant WorldWide Language Resources, LLC asks the court to compel Plaintiffs Nazar Abdulmajeed Ali and Abdulameer Kareem Waly to supplement their responses to its discovery requests. The company claims Plaintiffs have improperly withheld documents and information it is entitled to. Having reviewed the parties' arguments, the court will grant the motion.

I. Discussion

The Federal Rules allow a requesting party to move to compel if the responding party's discovery responses are incomplete or inadequate. Fed. R. Civ. P. 37(a). The party resisting or objecting to discovery "bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc.* v. *Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). To meet this burden, the non-moving party "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Id.* Since Plaintiffs have not met this burden, the motion to compel will be granted.

A. **Requests Related to Medical or Psychiatric Care**

Several of WLR's requests seek information about medical and psychiatric care the Plaintiffs' received. *See* Interrogatories 3–6, Requests for Production 12 & 13. It argues that the documents and information it seeks through these requests are relevant to defendants' claims of emotional distress. Plaintiffs respond that the requests are overbroad and seek irrelevant information.

By claiming they suffered emotional distress, Plaintiffs have made information about the medical and psychological care they received discoverable. *See Equal Emp't Opportunity Comm'n* v. *Sheffield Fin.*, LLC. No. 1:06-CV-00889, 2007 WL 1726560, at *4 (M.D.N.C. June 13, 2007) (citing cases) (internal quotations omitted) ("When a plaintiff seeks damages for mental anguish,

the medical and psychological information sought by interrogatories and requests for production are relevant as to both causation and the extent of plaintiff's alleged injuries and damages."); *Benjamin* v. *Sparks*, No. 4:14-CV-00186-D, 2017 WL 1497930, at *3 (explaining that when a plaintiff alleges emotional distress, his "medical history—both physical and mental—is squarely at issue") (E.D.N.C. Apr. 26, 2017). So Plaintiffs' argument that the requests seek irrelevant information is unpersuasive.

Nor is their argument about the requests' timeframe persuasive. Plaintiffs argue that the request should be limited to the two-year period preceding their alleged injury. But while certain cases have applied such a limit, there is no requirement to do so. *Swindell* v. *CACI NSS, Inc.*, 5:17-CV-00617-D, 2020 WL 698267, at *6–8 (E.D.N.C. Feb. 11, 2020) (reviewing cases setting temporal limits on requests for medical records). Plaintiffs' Complaints do not specify when the allegedly wrongful conduct occurred or when they began suffering emotional distress. Without that information, the court is reluctant to arbitrarily limit the temporal scope of the records request. Therefore, the court will require Plaintiffs to provide the documents and information requested by Interrogatories 3–6 and Requests for Production 12 & 13 dating back to the date WorldWide requested: January 1, 2015.

### B. Employment-Related Discovery Requests

WLR also seeks information about Plaintiffs' current employers (Interrogatory 7) as well as documents about any work or attempts to find work after leaving WorldWide and any compensation thy received during that period. and their attempts to obtain employment after they stopped working with WorldWide (Requests for Production 14–17). Plaintiffs have argued that they should be able to withhold information about their current jobs to prevent WorldWide from harassing their employers and embarrassing Plaintiffs by alerting their employers to this litigation.

They also argue that they "have provided documents to the extent that they are relevant, including Plaintiff's [sic] W-2's [sic]." Mem. in Opp. at 4.

Plaintiffs have not carried their burden to show that they need not respond to these discovery requests. They have provided no support for their claims that WorldWide will harass their current employers. Nor have they shown why they would suffer embarrassment or oppression if their employer would learn about this litigation. And the documents requested in the Requests for Production seek relevant information and are appropriately time bound. Plaintiffs' unsupported statements that the requests are overbroad or not proportional to the needs of the case do not justify allowing them to withhold documents.

Plaintiffs must provide a complete answer to Interrogatory 7 and produce all documents in their possession, custody, or control responsive to Requests for Production 14–17.

### C. Communications Between Plaintiffs

Two of WorldWide's requests for production seek communications between Plaintiffs both during and after their employment with the company. Plaintiffs' responses suggest that some documents may have been withheld based on the work-product doctrine. If otherwise responsive documents are being withheld, Plaintiffs must provide WorldWide with a privilege log that complies with the Federal Rules.

### D. Other Documents and Communications

The remaining disputed requests seek documents or communications involving Plaintiffs. Requests for Production 18–21, 23–24. Plaintiffs claim that they have turned over all responsive documents. If they have done so, they have no further obligation under this order. But if they have any other responsive documents in their possession, custody, or control, they must produce them.

If otherwise responsive documents are being withheld on privilege grounds, Plaintiffs must provide WorldWide with a privilege log that complies with the Federal Rules.

## II. Conclusion

For the reasons stated above, the motion to compel (D.E. 43) is granted. Plaintiffs must supplement their responses within 14 days from the date of entry of this order. Each party will bear their own costs.

Dated: April 28, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge

5

Case 5:20-cv-00638-D   Document 48   Filed 04/28/22   Page 5 of 5