IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **Nazar Abdulmajeed Ali**,<br><br>              Plaintiff,<br><br>v.<br><br>**WorldWide Language Resources, LLC**,<br><br>              Defendant. | **No. 5:20-CV-00638-D** |
| **Abdulameer Kareem Waly**,<br><br>              Plaintiff,<br><br>v.<br><br>**WorldWide Language Resources, LLC**,<br><br>              Defendant. | **No. 5:20-CV-00644-D** |

**Order**

Nazar Abdulmajeed Ali and Abdulameer Kareem Waly (together, "the Translators") have each sued their former employer, Worldwide Language Resources, LLC, for race and national origin discrimination. Compl., D.E. 1.[1] Presently before the court is the latest in a line of motions to compel—this time brought by the Translators. They claim that WorldWide has failed to adequately answer more than 100 discovery requests. Pls.' Mot. Compel at 2, D.E. 65. WorldWide counters that the Translators' motion is untimely and that they have not established good cause to reopen fact discovery. Mem. Opp'n Pls.' Mot. Compel at 6–7, D.E. 75. The court agrees. The Translators' motion to compel (D.E. 65), then, will be denied.

**I.     Background**

Discovery began in July 2021 when the parties filed their Rule 26(f) report. D.E. 30; *see* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"). The next month, the court issued a scheduling order setting the close of discovery on June 24, 2022. Scheduling Order, D.E. 32. The court eventually extended this deadline to August 23. Order Extending Disc., D.E. 50.

The Translators served WorldWide their initial requests for production ("RFPs") in March 2022—more than eight months after discovery began. *See* Pls.' Exs. at 8, D.E. 66–1. And they did not object to WorldWide's initial productions until July, two months after WorldWide responded. *See id.* at 166–79. That same month, the Translators served over 150 amended RFPs. *See id.* at 182, 224. Some of the original RFPs mirrored the amended requests, while others were amended or withdrawn. *See* Def.'s Ex. 2 at 1, D.E. 75–2. And on August 15, little more than a

---

[1] Unless otherwise noted, docket citations in this order refer to case 5:20-CV-00638-D, the lead case in this pair of consolidated cases. Waly also asserts a claim under the Americans with Disabilities Act. *Waly* v. *WorldWide Lang. Res., LLC*, No. 5:20-CV-00644-D, Am. Compl., D.E. 9.

week before the discovery deadline, WorldWide produced responses to the Translators' amended requests. *See* Pls.' Exs. at 255.

The parties have disagreed about the sufficiency of WorldWide's productions ever since the Translators raised their July objections. This disagreement came to a head on August 24—a day after the close of discovery—when the Translators informed WorldWide that they would move to compel if WorldWide failed to remedy outstanding deficiencies. Def.'s Ex. 5 at 1–2, D.E. 75–5. The parties quibbled back and forth over email until September 8, when the Translators filed this motion.

At bottom, the Translators argue that WorldWide has withheld a cornucopia of responsive records—chief among them the identities of comparators that the Translators need to satisfy the elements of discrimination and retaliation. Mem. Supp. Pls.' Mot. Compel at 3, D.E. 66. They also assert that WorldWide has made false assertions of privilege, improperly invoked the state secrets doctrine, and served legally insufficient, boilerplate objections. *Id.* at 4–8.

WorldWide counters with several arguments. It first contends that the Translators' motion to compel is untimely because they served it more than two weeks after the close of discovery without good cause for delay. Mem. Opp'n Pls.' Mot. Compel at 6–8. And addressing the merits of the motion, WorldWide claims that its objections were sufficiently tailored and that it cannot access documents maintained by the United States government that could implicate national security. *Id.* at 8–11.

## II. Discussion

This district consistently holds that, in general, motions to compel must be filed before the end of the discovery period. *See, e.g.*, *Spilker* v. *Medtronic, Inc.*, No. 4:13-CV-00076-H, 2015 WL 1643258, at *3 (E.D.N.C. Apr. 15, 2015); *Davenport* v. *Elks*, No. 5:13-CT-0209-BO &

5;12-CV-3203-BO, 2015 WL 7306446 (E.D.N.C. Nov. 19, 2015); *Powell* v. *Kamireddy*, No. 7:13-CV-00267-F, 2015 WL 333015, at *4 (E.D.N.C. Jan. 26, 2015); *English* v. *Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014), *aff'd,* 582 F. App'x. 229, (4th Cir. 2014); *Sager* v. *Standard Ins. Co.*, No. 5:08-CV-628-D, 2010 WL 2772433, at* 1 (E.D.N.C. July 12, 2010).

Without a timely filing, the court will only consider a motion to compel for good cause. *See Williams* v. *AT&T Mobility*, No. 5:19-CV-00475-BO, 202 WL 2821922, at *3 (E.D.N.C. July 19, 2022); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); Local Civ. R. 1.1 ("A judge or magistrate judge, for good cause and in his or her discretion, may alter these rules in any particular case."). For a party to establish good cause, he must—at the very least—establish that he acted diligently to meet the original discovery deadline. *Franklin Livestock, Inc.* v. *Boehringer Ingelheim Vetmedica, Inc.*, No. 5:15-CV-00063-BO, 2016 WL 7613690, at *2 (E.D.N.C. Sept. 26, 2016).

Discovery closed on August 23. Order Extending Disc. at 2. But the Translators waited until September 8 to file this motion. As a result, they must show good cause for their delay.

They cannot do so. The translators waited more than eight months after discovery began to serve their first set of RFPs on WorldWide. Pls.' Exs. at 8. And after receiving responses in April and May, they waited until July to inform WorldWide that the responses might be deficient. *See id.* at 166–79. By that time, the August 23 discovery deadline was nearly a month away. WorldWide served its final round of answers and objections on August 15. *See id.* at 255.

The Translators, then, had roughly a week to parse through WorldWide's responses and, if necessary, to petition this court for an order compelling discovery. Although a week isn't an ideal timeframe to review discovery responses, this window was short only because the

4

Translators waited so long to conduct discovery. And the fact that the Translators emailed WorldWide just one day after discovery closed conveying their displeasure with its production reveals that they could have filed a motion the day before.

In their memorandum supporting their motion to compel, the Translators expound upon the many reasons they believe WorldWide's responses are deficient. Mem. Supp. Pls.' Mot. Compel at 3–8. Critically absent, however, is any attempt to justify their untimely filing. Instead, the Translators seemingly assume that the court will reopen discovery upon a showing that WorldWide's responses are insufficient. But that is not the law. This case has already progressed to the summary judgment stage, and the court sees no reason to reopen discovery so the Translators can receive information that could have been obtained months ago. Because the Translators have not shown that they acted diligently to meet the court-ordered discovery deadline, *see Franklin Livestock, Inc.*, 2016 WL 7613690, at *2, their motion must be denied.

### III. Conclusion

For the reasons outlined above, the court denies the Translators' motion to compel (D.E. 65).

Dated: November 4, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge