IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-638-D

| | | |
|---|---|---|
| NAZAR ABDULMAJEED ALI and ABDULAMEER KAREEM WALY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| WORLDWIDE LANGUAGE RESOURCES, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

On August 9, 2023, the court granted WorldWide Language Resources, LLC's ("WorldWide" or "defendant") motions for summary judgment against Nazar Abdulmajeed Ali ("Ali") and Abdulameer Kareem Waly ("Waly") (collectively "plaintiffs") [D.E. 110]. On September 14, 2023, WorldWide timely filed a motion seeking $4,836.40 in costs [D.E. 112]. Plaintiffs did not appeal the court's grant of summary judgment or respond to WorldWide's motion for costs. As explained below, the court grants WorldWide's motion for costs and awards $4,836.40 in costs.

I.

Federal Rule of Civil Procedure 54(d)(1) governs a post-judgment motion for an award of costs. See Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Id. A "prevailing party" is "a party in whose favor a judgment is rendered" or "one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (quotation and alteration omitted). Rule 54(d)(1) "gives rise to a presumption in favor of

an award of costs to the prevailing party." Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994); see Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981); Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (per curiam) (unpublished).

Federal courts may assess only those costs listed in 28 U.S.C. § 1920. See 28 U.S.C. § 1920; Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 301 (2006); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441–43 (1987), superseded on other grounds by statute, 42 U.S.C. § 1988(c); Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988).[1] Local Civil Rule 54.1 "further refines the scope of recoverable costs." Howard v. Coll. of the Albemarle, No. 2:15-CV-39, 2017 WL 3754620, at *1 (E.D.N.C. Aug. 29, 2017) (unpublished) (quotation omitted); see Earp v. Novartis Pharms. Corp., No. 5:11-CV-680, 2014 WL 4105678, at *1 (E.D.N.C. Aug. 19, 2014) (unpublished); Local Civ. R. 54.1.[2]

---

[1] Taxable costs under section 1920 include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 . . . ;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services.

28 U.S.C. § 1920.

[2] Local Civil Rule 54.1(d)(1) provides a non-exhaustive list of normally recoverable costs:

(a) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the

2

WorldWide seeks costs for a court reporter, an original deposition transcript, and a video recording for the depositions of Ali and Waly taken on May 20 and 27, 2022. See [D.E. 112-1] 2; [D.E. 112-2] ¶¶ 3a, 3b. WorldWide also seeks costs for obtaining copies of deposition transcripts for three depositions noticed by plaintiffs. See [D.E. 112-1] 2; [D.E. 112-2] ¶¶ 3c, 3d, 3e. Such costs are recoverable. See 28 U.S.C. § 1920(2); Local Civ. R. 54.1; Howard, 2017 WL 3754620, at *1; Silicon Knights, Inc. v. Epic Games, Inc., 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012). Accordingly, the court grants WorldWide's motion for costs and awards WorldWide $4,836.40 in costs associated with court reporter fees and deposition transcript fees pursuant to section 1920 and Local Civil Rule 54.1.

---

litigation) normally include only the reporter's fee and charge for one transcript of the deposition;

(b) premiums on required bonds;

(c) actual mileage, subsistence, and attendance allowances for necessary witnesses at actual costs, not to exceed the applicable statutory rates, whether the witnesses reside in or out of the district;

(d) one copy of the trial transcript for each . . . party represented by a separate attorney.

Local Civ. R. 54.1(d)(1). Local Civil Rule 54.1(d)(2) also identifies items "normally not taxed, . . . without limitation" as

(a) witness fees, subsistence, and mileage for individual parties, real parties in interest, parties suing in representative capacities, and the officers and directors of corporate parties;

(b) multiple copies of depositions;

(c) daily copies of trial transcripts, unless prior court approval has been obtained.

Local Civ. R. 54.1(d)(2).

Case 5:20-cv-00638-D   Document 121   Filed 04/30/24   Page 3 of 4

II.

In sum, the court GRANTS defendant's application for costs [D.E. 112] and awards WorldWide $4,836.40 in costs.

SO ORDERED. This 30 day of April, 2024.

*JAMES C. DEVER III*
United States District Judge

4